IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN A. MELLER, INDIVIDUALLY;
AS TRUSTEE OF STEPHEN A. MELLER
TRUST; AND AS TRUSTEE OF STEPHEN
A. MELLER DESCENDANTS SEPARATE TRUST                    PLAINTIFF

    v.                      Civ. No. 10-6018

MELLER MANAGEMENT, LLC;
SALLY W. MELLER, L.P.; AND
COMMUNITY FIRST TRUST COMPANY                           DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Separate Defendants Meller Management, LLC ("MM, LLC") and Sally W. Meller, L.P.'s ("SWM, LP") Motion for Summary Judgment and supporting documents (Docs. 30-32) and the parties' responses and replies (Docs. 40-42 & 44); Plaintiff Stephen A. Meller's Motion for Partial Summary Judgment and supporting documents (Docs. 37-39) and the parties' responses and replies (Docs. 45-49 & 51); Separate Defendant Community First Trust Company's ("Community") Motion for Summary Judgment and supporting documents (Docs. 52-54) and the parties' responses and replies (Docs. 57-58 & 68); Plaintiff Stephen A. Meller's Motion to Strike and supporting documents (Docs. 60-61) and the parties' responses and replies (Docs. 62-64); and Separate Defendant Community's Motion to Strike and supporting documents (Docs. 66-67) and Plaintiff's response (Doc. 76).

For the reasons reflected herein, Separate Defendants MM, LLC and SWM, LP's Motion for Summary Judgment (Doc. 30) is **GRANTED in part and DENIED in part**; Plaintiff's Motion for Partial Summary Judgment (Doc. 37) is **DENIED**; Separate Defendant Community's Motion for Summary Judgment (Doc. 52) is **GRANTED in part and DENIED in part**; Plaintiff's Motion to Strike (Doc. 60) is **DENIED**; and Separate Defendant Community's Motion to Strike (Doc. 66) is **DENIED**.

I.   **BACKGROUND**

Sally W. Meller created several entities as part of her estate plan to serve the purpose of transferring significant assets.  Sally W. Meller had three children: Carol Sue Meller, Stephen Andrew Meller, and Lucinda Meller-Miller.  The assets from her estate were to be distributed to specific devisees, with the balance to be distributed to Carol, Lucinda, and the Stephen A. Meller Trust ("SAM trust") and Stephen A. Meller Descendants Separate Trust ("SAM Separate Trust").

On December 31, 1999, Sally W. Meller restated the Sally W. Meller Living Trust ("SWM Living Trust") which was originally created on February 5, 1993.  Sally W. Meller also formed the SWM, LP for the purpose of holding most of her assets.  SWM, LP was comprised of MM, LLC as 1% owner and general partner; the Sally W. Meller Family Trust ("SWM Family Trust") as 99% owner and limited partner; and other

limited partners.[1]

From its creation, Carol, Sally W. Meller's oldest daughter, served Trustee for the SWM Living Trust.  At the time, Carol also served as the managing member of MM, LLC.  Sometime after August 24, 2000, Sally amended both the SWM Living Trust and MM, LLC to remove Carol as trustee of the SWM Living Trust and managing manager of MM, LLC.

On October 24, 2000, Sally executed the Second Amendment to the SWM Living Trust, which among other things established two trusts, the SAM Trust and the SAM Descendants Separate Trust, for the benefit of Stephen.  The amendment placed Stephen's inheritance in the two trusts until certain requirements were met.[2]  Spirit Meller, Stephen's son, served as trustee of these trusts.

On or about September 20, 2001, Community was named successor trustee to the SWM Living Trust and operating manager of MM, LLC, the general partner and managing member of the SWM, LP.  In 2002, Sally W. Meller died.  On or about June 29, 2009, Spirit Meller declared that Stephen had complied with the requirements to enable him to receive his inheritance held in trust.  On or about September 15, 2009, Community resigned as operating manager of MM, LLC.

---

1 The parties dispute whether Stephen, individually, or the SAM Trust and/or SAM Descendants Separate Trust are limited partners of the SWM LP.

2 Article XIII of the Second Amendment to the SWM Living Trust states that Stephen's inheritance would be held in trust until the "completion of the re-hab program and eighteen (18) months of clean and sober living[.]"

Following Community's resignation, Lucinda, Sally W. Meller's youngest daughter, became operating manager of MM, LLC.

On March 4, 2010, Plaintiff, Stephen, individually and in his stated capacity as trustee of SAM Trust and SAM Descendants Separate Trust, filed his Original Complaint (Doc. 1).  On April 29, 2010, Stephen filed an Amended Complaint.  (Doc. 14).  In his stated capacity as trustee he sought an accounting, dissolution, and winding up of SWM, LP.  In his stated individual capacity he claimed damages for breach of fiduciary duty against MM, LLC and Community.

## II.  STANDARD OF REVIEW

### A. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*.  The court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists. *See Fed. R. Civ. P. 56(e); City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988). In order to withstand a moving party's motion for summary judgment, the non-moving party must substantiate its allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court enjoys liberal discretion under Rule 12(f); however, motions to strike are viewed with disfavor and rarely granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)(citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)(citing 5 Wright & Miller, *Federal Practice and Procedure: Civil § 1380* at 783 (1969))).

**III. DISCUSSION**

**A. Motion for Summary Judgment by Meller Management, LLC and Sally W. Meller, L.P.**

Separate Defendants MM, LLC and SWM, LP, move the Court for

summary judgment incorporating their arguments in their motion to dismiss for failure to state a claim.  MM, LLC and SWM, LP contend Plaintiff's claims for alleged breach of fiduciary duties are subject to the three year statute of limitation pursuant to Arkansas Code § 16-56-105.  Separate Defendants further argue that any wrongdoings not prosecuted by the then acting trustee, Spirit Meller, are waived against them, and any action could only lie against Spirit Meller as trustee.  Separate Defendants alternatively argue that any acts of self-dealing and mismanagement with respect to the SWM LP, the SWM Living Trust, and the Meller Family Trust, by and through its managers, Carol and Separate Defendant Community First Trust Company, were authorized by the Settlor of the Trust, Sally W. Meller. Separate Defendants further argue that Plaintiff lacks standing to sue as his actions are impermissible derivative actions and that Plaintiff has forfeited any interest he may have had in the SWM Living Trust, or the Meller Family Trust by violating the *in terrorem* or no-contest clause.  Finally, Separate Defendants argue Plaintiff's action for dissolution and winding up of the SWM, LP may only be based upon a finding under Arkansas Code Annotated § 4-47-802.

Plaintiff responds that although the three year statute of limitations applies to allegations for breach of fiduciary duties, it does not bar his individual causes of action for breach of fiduciary duties against MM, LLC and SWM, LP for they did not accrue

until June 29, 2009, the date he complied with the terms of the Second Amendment.  Further, Plaintiff argues that the statute of limitation does not bar his claims because his incompetency tolled the statute of limitations, for himself as beneficiary and trustee, and the former trustee.

Plaintiff also argues that Separate Defendants misstate his claims because the transactions complained of were unauthorized by the trust, made in bad faith, and unfair to the trust.  Plaintiff contends a direct action is permissible because the transactions complained of were not injuries suffered by the limited partnership as a whole.  Plaintiff also argues that he has not forfeited his interest in the SWM Living Trust due to a no-contest provision because he does not seek to impair or invalidate the provision of the SWM Living Trust; further, the actions taken by Defendants were not in good faith, and no provision provides against attacking or seeking to impair a gift allegedly pursuant to the SWM Living Trust.

First, Separate Defendants argue that the statute of limitations bars Plaintiff's claims against them.  The records submitted detail physical, mental, and psychological conditions that sufficiently set forth specific facts reflecting that a genuine issue of material fact exists as to whether Stephen was incapacitated and at what time he recovered.  (See Doc. 41, Exhibits G through N). Specifically, Plaintiff's submissions detail a history of traumatic

head injury, schizoaffective disorder, post-traumatic stress disorder, chronic substance abuse, comas, and seizures, among other conditions.  In light of the evidence, the Court finds that there is a genuine issue of material fact as to whether Plaintiff was incapacitated as to toll the applicable statute of limitations.

The fact that there is an issue as to Plaintiff's competency does not end the inquiry.  Relying on *Montin v. Estate of Dale Johnson*, 636 F.3d 409 (8th Cir. 2011), the Court will defer ruling on the issue of Plaintiff's competency for the pretrial hearing scheduled for Friday, June 10, 2011 at 1:00pm.  *Id.* at 415 (holding "[w]e adopt the view . . . [that] the court rather than the jury is to resolve the factual questions surrounding a plaintiff's mental state as relevant to the equitable tolling of a statute of limitations."  The parties are instructed to present any and all evidence concerning the Plaintiff's competency relating to the issue of equitable tolling.  The Court advises the parties that although other issues may be addressed at the pretrial hearing, the primary issue will be Plaintiff's competency.  The Court further advises the parties that a finding of competency could result in the applicable statute of limitation barring much of Plaintiff's claims.

Second, and notwithstanding the Court's finding above, the Court declines to the adopt Separate Defendants' argument that tolling does not apply to the former trustee therefore Plaintiff's

Page 8 of 24

rights were waived.    Separate Defendants contend Plaintiff's
reliance on *Mason v. Sornell*, 260 Ark. 27 (1976), is misplaced as
it deals with a guardianship relationship and the incapacity of the
ward, and unlike a guardian, the trustee has the right by statute
to sue and be sued in his name.[3]   The parties however cite to no case
law directly on point.   The Court, reviewing the arguments under the
summary judgment standard cannot conclude that Stephen's claims are
barred by the statute of limitations as to himself as the beneficiary
or trustee, or were waived by the former trustee's failure to
prosecute.   *See Mason*, 260 Ark. at 28 (1976)(holding a minor may sue
within the statutory period after attaining his majority, even where
the representative or trustee is barred by statute); *see also Mason
v. Ford Motor Co.*, 755 F.2d at 121 (8th Cir. 1985)(holding the general
rule is that appointment of a guardian does not cause the statute
of limitations to run against the ward).   Accordingly,
notwithstanding the Court's reservation of a ruling on the issue of
Plaintiff's competency--as to this argument and all remaining
arguments--the Court concludes that a finding of Plaintiff's
incompetency tolls the statute of limitations for both Plaintiff and
the former trustee.

---

3 In its motion for summary judgment Separate Defendant Community similarly argues
the distinction between a guardian and a trustee in its discussion of *Mason v.
Ford Motor Co.*, 755 F.2d 120 (8th Cir. 1985) and *Emerson v. Southern Ry. Co.*, 404
So. 2d 576 (Ala. 1981), noting that where the legal title or right of action lies
in the guardian/trustee and not in the infant or incompetent, the statute of
limitations is not tolled.

Third, as to Separate Defendants' assertion that Plaintiff lacks standing to sue and that any self-dealing was authorized, the Court finds Plaintiff has met his burden to survive summary judgment on these grounds.   As to Plaintiff's claims relating to the $50,000.00 reduction, the unpaid balance of certain promissory notes, and the Grand Point property (including the alleged missing sum of $161,000.00) Plaintiff has set forth sufficient facts that show there are genuine issues of material fact.[4]   Specifically, Plaintiff points out there is a fact issue relating to the provision in the SWM Living Trust which reduced Plaintiff's inheritance by $50,000.00.   Similarly, Plaintiff has shown there to be fact issues relating to certain promissory notes alleged to be owing to the SWM Living Trust and whether the respective "gift" provisions were indeed revoked.   Likewise, Plaintiff has shown there to be fact issues relating to the Grand Point property and whether the transactions involved were authorized.   Furthermore, as to these transactions, Plaintiff has set forth sufficient facts for a finding that the injuries suffered were unique to himself, and not shared by the SWM, LP as a whole.   The Court however does not find Plaintiff, as the

---

4 The Court notes that the $50,000.00 deduction in Plaintiff's inheritance appears to have occurred on or about January 22, 2004; the Grand Point property transactions complained of occurred on or about April and May of 2000; and the transactions involving certain promissory notes occurred at their latest in 2004 (commencing at the final distribution of the SWM Living Trust).   Based on the date of these occurrence; a finding by the Court that Plaintiff was competent during the relevant times; Plaintiff's claims would be barred by the applicable statute of limitations.

non-moving party, to have sufficiently responded to Separate Defendants' motion concerning the 725 Quapaw property therefore finds it appropriate to grant the motion as to this property.

Fourth, the Court finds Plaintiff met his burden to survive summary judgment on the issue of the no-contest clause and alleged forfeiture.

Accordingly, Separate Defendants MM, LLC and SWM, LP's Motion for Summary Judgment is **GRANTED in part and DENIED in part**.[5]  Separate Defendants' Motion for Summary Judgment is **GRANTED** as to it relates to the transaction involving the 725 Quapaw property.  Separate Defendants' Motion for Summary Judgment is **DENIED** as it relates to the $50,000.00 reduction in Stephen's inheritance, the unpaid balance of certain promissory notes, and the Grand Point property (including the alleged missing sum of $161,000.00).

**B. Motion for Partial Summary Judgment by Stephen A. Meller**

Plaintiff moves the Court in his Partial Summary Judgment Motion (Doc. 37) to order an accounting and dissolution and the winding up of the SWM LP.  Plaintiff cites section 4-47-802 of the Arkansas Code for the proposition that upon application by a partner a court may order the dissolution of a limited partnership if it is not reasonably practicable to carry on the activities of the limited partnership

---

5 Insofar as Separate Defendants MM, LLC and SWM, LP have incorporated their arguments in their Motion to Dismiss (Doc. 3), that Motion is hereby DENIED.

in conformity with the partnership agreement. (Doc. 37). Plaintiff contends that Lucinda's statement during her deposition is an admission that renders dissolution of the limited partnership "obvious". (Doc. 39-2, Exhibit B).

Separate Defendants MM, LLC and SWM, LP (Doc. 45-48) deny that a family member currently controls the SWM LP in spite of Sally Meller's wishes and denies an admission was made that it is impractical to carry on the activities of the limited partnership. Separate Defendants argue the alleged admission when presented in its entirety shows that Lucinda's statement expresses an opinion that any impracticality to carry on the activities of the partnership as intended was because of Plaintiff's unreasonable conduct. (Doc. 37). Separate Defendants also plead the affirmative defense of unclean hands alleging Plaintiff made intentional attempts to disrupt and frustrate the activities of the SWM, LP.

Section 4-47-802 of the Arkansas Code provides "[o]n application by a partner the circuit court may order dissolution of a limited partnership if it is not reasonably practicable to carry on the activities of the limited partnership in conformity with the partnership agreement." *A.C.A. § 4-47-802.* Paragraph 2 of the SWM, LP Agreement of Limited Partnership, Character of Business, states "[t]he character of the business of the Partnership shall be to: (a.) acquire, hold, own subdivide, develop, maintain, manage, lease, and

operate real property (b.) acquire, hold, own, invest and re-invest publicly traded assets as well as other items of tangible and intangible personal property, and (c.) to engage in all general activities related or incidental thereto."

Lucinda states in her affidavit that due to Plaintiff's conduct, the previous operating manager, Community, resigned, and because of this, she had to occupy the position.   (Doc. 45, Exhibit A).   Lucinda nonetheless states that it is not impractical to carry on the SWM, LP with herself or another family member serving as the operating manager of MM, LLC if Plaintiff ceases and desists certain conduct. *Id.*  Lucinda also states that Sally Meller's intention in the limited partnership was to provide for her heirs over time and not for any heir to "cash out".   *Id.*

The Court viewing the facts and inferences from the facts in the light most favorable to the non-moving party, finds it reasonably practicable to carry on the activities of the limited partnership in conformity with the partnership agreement.   Further, the Court finds the statements by Lucinda were not a "pivotal admission" which makes dissolution "obvious".   Furthermore, pursuant to A.C.A. § 4-47-802 the Court has the discretion to order dissolution, which it declines to exercise at this time.

Accordingly, Plaintiff's Motion for Partial Summary Judgment (Doc. 37) is **DENIED**.

Page 13 of 24

**C. Motion for Summary Judgment by Community First Trust Company**

Separate Defendant Community moves the Court for Summary Judgment in its favor.  (Doc. 52).  Community contends that its role in the matter relates to a series of transactions which were carried out pursuant to the terms of the SWM Living Trust.  Community argues these transactions involved property belonging to the SWM, LP, occurred while Spirit Meller served as the Trustee for the trusts, and that a majority of the transactions occurred well beyond the applicable statute of limitations.  Community further argues the management agreement of MM, LLC contains an exculpatory clause that limits Community's liability as manager of the SWM, LP to acts of gross negligence, willful neglect of duty or fraudulent intent, and Plaintiff has made no such claims.  Community also argues that Plaintiff lacks standing to bring this suit as it is a derivative action in which the SWM, LP is the proper plaintiff.  Community further argues that in any event the acting trustee, Spirit Meller, executed a release in favor of Community which bars Plaintiff's claims.

Plaintiff contends in his Response (Doc. 57) that Separate Defendant Community's Motion for Summary Judgment (Doc. 52) should be denied.  Plaintiff argues he was incapacitated from December 1993 through June 29, 2009, therefore the statute of limitations to bring suit for any wrongdoing is tolled.  Plaintiff also argues that he

Page 14 of 24

has standing to bring this suit because the injuries he claims are unique to him and are not injuries to the SWM, LP.  Plaintiff further argues that the exculpatory clause contained in MM, LLC's organizing documents does not protect Community from liability for gross negligence, which is alleged in this matter.  Plaintiff similarly argues that the release executed by Spirit Meller does not protect Community because it is invalid and inapplicable to the injuries in this matter.

In its Reply to Plaintiff's Response (Doc. 68) Community argues Plaintiff fails to address paragraphs 24 through 29 of its summary judgment motion, and summary judgment should be granted as it relates to those claims. Community further argues that the remaining issues, the $50,000 reduction, the use of proceeds from partnership property to pay off the "Grand Point Property" and the failure to collect promissory notes are barred by the statute of limitations.  In addition, Community argues that the exhibits supplied by Plaintiff in his Response, Exhibits G, H, I, J, K, L, M, and N should be stricken and ignored by the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Community argues that Plaintiff's mental capacity is immaterial as his claims belong to the SAM Trust and the SAM Descendants Separate trust, both of which were controlled by Spirit Meller and that therefore the statute of limitations bars the action.

The Court first addresses Community's argument that Plaintiff's claims are barred by the statute of limitations.   The Court previously discussed the same argument made by Separate Defendants MM, LLC and SWM, LP, and similarly denies Community's motion for summary judgment on this ground.   In addition, summary judgment on grounds that Plaintiff's claims are barred by the statute of limitations because the previous trustee's claims are barred by the statute of limitations is also denied.

Second, Community's motion for summary judgment on grounds that the alleged exculpatory clause in the partnership agreement releases liability is denied.   Paragraph 15.4 of the SWM LP Agreement of Partnership states "[t]he General Partner shall not incur liability to the Partnership or any other Partner for any mistakes or errors in judgment or for any act or omission believed by the General Partner in good faith to be within the scope of authority conferred upon him by this Agreement; provided, however, that the General Partner may be liable for any losses, costs or damages resulting from conduct with respect to the Partnership amount to fraud, dishonesty, willful neglect of duty, gross negligence, or a breach of his fiduciary duty to the other Partners."   (Doc. 1-1; ¶ 15.4).

Community identifies the sale of four specific parcels of real estate (Lake Hamilton Self Storage, Salvatierra, Grand Point,  and Cooper Creek), a transaction involving a debt to Regions bank, the

$50,000.00 reduction in Stephen's inheritance, and certain promissory notes, as transactions forming the basis of Plaintiff's action. As previously discussed, viewing the evidence before the Court in a light most favorable to the non-moving party, the Court finds that there are genuine issues of material facts relating to whether the transactions involving the $50,000.00 reduction, Grand Point property, and certain promissory notes. Specifically, the Court finds fact issues relating to whether Community's conduct rose to a level of misconduct that would remove the protections of the exculpatory clause therefore summary judgment is denied as to these transactions.

Third, Community argues Plaintiff lacks standing to bring the suit as a direct action because Plaintiff's injuries are as a limited partner and therefore should be brought as a derivative action. The Court finds that Community, as the moving party, has met its initial burden in its motion for summary judgment, and that Plaintiff as the non-moving party has failed to set forth specific facts by affidavit and other evidence to show that a genuine issue of material fact exists as to the issue of a direct action. Specifically, Plaintiff has not set forth sufficient facts to meet its burden that the transaction involving the Lake Hamilton Self Storage, Salvatierra property, and Cooper Creek property, and Regions Bank debt, are not injuries suffered by the SWM, LP as a whole. *See Golden Tee, Inc.*

*v. Venture Golf Schools, Inc.*, 333 Ark. 253, 260 (1998)(holding the "prevailing criterion is whether the claimed injury is primarily to the partnership and only indirectly to the partners through their interest in the partnership--a partnership claim-or is direct and unique to the partner(s)--an individual claim.")(citations omitted). Accordingly, Community's Motion for Summary Judgment is granted as to the transactions involving Lake Hamilton Self Storage, Salvatierra property, and Cooper Creek property, and the Regions Bank debt. *See Fed. R. Civ. P. 56(e); City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988).

Finally, Community argues that any liability has been waived by a release executed by Spirit Meller. (Doc. 52-12, Exhibit L). The Court finds Plaintiff has met his burden to survive Community's Summary Judgment Motion as he has shown a genuine issue of material fact as to the validity of the alleged waiver and/or release.

Accordingly, Community's Motion for Summary Judgment (Doc. 52) is **GRANTED in part and DENIED in part.** Community's Motion for Summary Judgment relating to transactions involving the Lake Hamilton Self Storage, Salvatierra property, Cooper Creek property, and the Regions Bank debt is **GRANTED.** Community's Motion for Summary Judgment as to the $50,000.00 reduction in Stephen's inheritance, the Grand Point property, and the unpaid balance of certain promissory notes is **DENIED.**

Page 18 of 24

**D. Motion to Strike Affidavit of Janet K. Moore by Stephen A. Meller**

Plaintiff moves this Court to strike the affidavit of Janet K. Moore which was attached to Community's Motion for Summary Judgment. (Doc. 52, Exhibit M). Plaintiff argues that Community's failure to identify Moore as a potential expert witness until after the close of discovery caused prejudice in that he was unable to depose Moore. Separate Defendants MM, LLC and SWM, LP argue that Moore was identified as a potential expert witness prior to the expiration of the discovery deadline. Furthermore, Separate Defendants do not object to Plaintiff deposing Moore and therefore there are no grounds for striking Moore's affidavit or prohibiting testimony.

On January 13, 2011, this Court granted Plaintiff's Motion (Doc. 28) seeking an extension of the discovery deadline and a continuance of the trial date. (Doc. 33). The Court rescheduled the trial date to begin the week of June 20, 2011, and extended the discovery deadline through March 21, 2011. Federal Rules of Civil Procedure Rule 37(c) states, in part, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Fed. R. Civ. P. 37(c)*.

The Court finds Separate Defendants MM, LLC and SWM, LP met the

disclosure deadline for expert witness Moore.  MM, LLC and SWM, LP's Third Amended Response to Plaintiff's first set of interrogatories and request for production, its cover letter, and Certificate of Service are all dated March 18, 2011.  (Doc. 63-2, Exhibit B). Lucinda's verification and cover letter of MM, LLC and SWM LP's Third Amended Response, sent separately along with a copy of the Response, is dated March 22, 2011.  (Doc. 63-2, Exhibit B).  The Court does not conclude that a failure to include the verification of Lucinda along with the Amended Response disclosing Moore as a potential expert witness renders the disclosure noncompliant with Rule 26(a) or (e), nor has it prejudiced the Plaintiff.[6]

The Court finds MM, LLC and SWM, LP's disclosure of witness Moore timely and pursuant to applicable rules.  Accordingly, Plaintiff's Motion to Strike the Affidavit of Janet K. Moore (Doc. 60) is **DENIED.**

### E. Motion to Strike Exhibits G through N by Community First Trust Company

Separate Defendant Community moves the Court to strike Exhibits G through N of Plaintiff's Response to Community's Motion for Summary Judgment.  (Doc. 66).  Community argues Exhibits G through N fail to comply with Federal Rules of Evidence Rule 803(6) because they

---

6 The Court notes that Plaintiff argues that he has been prejudiced because he could not have deposed Moore within the allotted time, however no efforts known by the Court to depose Moore have been attempted, although the parties moved the Court to extend the discovery deadline to depose Carol (Doc. 55) to which the Court granted.  Furthermore, MM, LLC and SWM, LP, state in their Response that they have no objection to Plaintiff taking the deposition of Moore.

are not certified by a custodian of records and are inadmissible hearsay, and therefore should be stricken pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff argues in his response that the records in question are verified by the affidavit of Stephen, who has knowledge of the contents of the same. Plaintiff also argues that Rule 56 contemplates that a Response to Motion for Summary Judgment may include materials that are unsupported by an affidavit.  Plaintiff further argues that the records referenced by Community are not hearsay because they contain statements made for the purpose of medical diagnosis.

Rule 56(c)(4) states "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Fed. R. Civ. P. 56(c)(4).*  The Court finds Plaintiff met the requirements of Rule 56(c)(4) for Exhibits G through N by submission of a Verification along with his Statement of Facts associated with his Response to Separate Defendant MM's Motion for Summary Judgment, which detail the origins and contents of Exhibits G through N.  (Doc. 41).  In addition, the Court finds the foundation for which Community moves to strike Exhibits G through N, i.e., they are inadmissible hearsay, fails as medical records are admissible under Federal Rules of Evidence 803(4) and 803(6) and may be considered for summary

judgment.  *See Buttice v. G.D. Searle & Co.*, 938 F.Supp. 561, 566
(E.D. Mo., 1996)(*citing Hughes v. Joliet Correctional Center*, 931
F.2d 425, 428 (7th Cir. 1991)); *see also Van Horn v. Best Buy Stores,*
*L.P.*, 526 F.3d 1144, 1147-48 (8th Cir. 2008).

In addition, Plaintiff's Response to Community's Motion to
Strike includes affidavits of the Custodian of Records for Santa
Monica Hospital, Daniel Freeman Marian Hospital, and the Los Angeles
County Sheriff's Department Medical Services.  (Doc. 76, Exhibits
B, C, D).  Also included are supplemental affidavits by the Los
Angeles County Department of Health Downtown Mental Health Center,
Dr. Edward Cavanaugh and Dr. George K. Henry (Doc. 76, Exhibits E
& F) and the affirmation by the Custodian of Record for the Los Angeles
County Department of Mental Health Downtown Mental Health Center.
(Doc. 76, Exhibit G).  The affidavit, supplemental affidavits, and
affirmations provided by the Plaintiff from the custodians above
relate to their respective and relevant portions of Exhibits G
through N.  Therefore, notwithstanding the Court's finding that
Plaintiff's submissions of Exhibits G through N have been submitted
pursuant to Rule 56 for consideration in Plaintiff's Motion for
Summary Judgment, the Court finds Plaintiff's submission of
supplemental affidavits and declarations are sufficient to "cure"
the complained of deficiency.  *See DG&G, Inc. v. FlexSol Packaging*
*Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir.

Page 22 of 24

2009)("[s]ubsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn expert's report on a motion for summary judgment.")(citation omitted).

Accordingly, Separate Defendant Community's Motion to Strike Exhibits G through N of Plaintiff's Response to Community's Motion for Summary Judgment (Doc. 66) is **DENIED.**

**IV.   CONCLUSION**

For the reasons stated above, Separate Defendants MM, LLC and SWM, LP's Motion for Summary Judgment (Doc. 30) is **GRANTED in part and DENIED in part;** Plaintiff's Motion for Partial Summary Judgment (Doc. 37) is **DENIED;** Separate Defendant Community's Motion for Summary Judgment (Doc. 52) is **GRANTED in part and DENIED in part;** Plaintiff's Motion to Strike (Doc. 60) is **DENIED;** and Separate Defendant Community's Motion to Strike Exhibits G through N (Doc. 66) is **DENIED.**

The Court advises the parties that notwithstanding the Court's ruling, either side may request the Court reconsider its ruling in view of the evidence presented at trial.

This matter remains set for a jury trial to begin Monday, June 13, 2011.  A pre-trial conference is set for Friday, June 10, 2011 at 1:00 p.m.

IT IS ORDERED this 8th day of June, 2011.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge