IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEPHEN A. MELLER, INDIVIDUALLY;
AS TRUSTEE OF STEPHEN A. MELLER
TRUST; AND AS TRUSTEE OF STEPHEN
A. MELLER DESCENDANTS SEPARATE TRUST                    PLAINTIFF

        v.                Civ. No. 10-6018

MELLER MANAGEMENT, LLC;
SALLY W. MELLER, L.P.; AND
COMMUNITY FIRST TRUST COMPANY                           DEFENDANTS

**ORDER**

Before the Court are Separate Defendants Meller Management, LLC ("MM, LLC") and Sally W. Meller, L.P.'s ("SWM, LP") Motion for Summary Judgment (Docs. 30-32) and the parties' responses and replies (Docs. 40-42 & 44); Separate Defendant Community First Trust Company's ("Community") Motion for Summary Judgment and supporting documents (Docs. 52-54) and the parties' responses and replies (Docs. 57-58 & 68)[1]; Plaintiff's Objections To Defendants' Pre-Trial Disclosure Sheet and Motion in Limine (Doc. 82); Separate Defendants MM, LLC and SWM, LP's Objections to Plaintiff's Pre-Trial Disclosure Sheet and Motion in Limine (Doc. 83); and Separate Defendant Community's Objections to

---

[1] In a Memorandum Opinion Order (Doc. 85) dated June 8, 2011, the Court ruled on the arguments in the parties' motions, and deferred ruling on the issue of Plaintiff Stephen A. Meller's competency and equitable tolling until this matter's pre-trial hearing. *Montin v. Estate of Dale Johnson*, 636 F.3d 409 (8th Cir. 2011); *Phillips v. Sugrue*, 800 F.Supp. 789 (8th Cir. 1992).

Plaintiff's Pre-trial Disclosure Sheet and Motion in Limine (Doc. 84).

A hearing was conducted on Friday, June 10, 2011, and the Court finds the weight of the evidence does not support equitable tolling pursuant to section 16-56-116(a). Therefore, Plaintiff's claims falling outside the limitations period are barred by section 16-56-105 of the Arkansas code. *See Phillips*, 800 F.Supp. 789, 791 (holding when a person by reason of injury sustained is incapable of managing his personal affairs, that individual may be regarded as incompetent so as to warrant a tolling of limitations); *see also Adams v. Arthur*, 333 Ark. 53, 63 (1998)(holding once it is clear that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to provide by a preponderance of the evidence that the statute of limitations was in fact tolled).

The Court reviewed medical records, exhibits, and testimony at the hearing.[2] The Court notes that during the hearing numerous exhibits were admitted into the record over the objection by Plaintiff on grounds that they were untimely disclosed.[3] Although the Court is cognizant that the types of

---

[2] The Court compiled twenty exhibits received in connection with the parties' motions, including attachment 12 of Document 76 (Doc. 76-12) that was jointly proffered by the parties as the Court's Exhibit number 20.

[3] Plaintiff submitted to the Court one exhibit, Defendant MM, LLC and SWM, LP submitted two exhibits, and Defendant Community submitted eleven exhibits.

mental conditions allowing for equitable tolling have been interpreted liberally, the evidence before the Court does not suggest Plaintiff's conditions and circumstances were of such a degree that rendered him unable to manage his personal affairs.[4] *See Phillips*, 800 F.Supp. at 791.  The Plaintiff has a long history of emotional and physical problems, but he now seems to be better and in a position to take care of both his personal and business affairs.  While Plaintiff was not shown the attention, care or concern by family members that one would expect, he was nonetheless competent during all relevant time periods to raise questions concerning the business activities and dealings of those family members.  Based on this finding, the Court holds the applicable statute of limitation bars Plaintiff's claims that remained following the Court's previous rulings (Doc. 85).  Accordingly, Defendants MM, LLC, SWM, LP, and Community's Motions for Summary Judgment (Docs. 30 & 52) are **GRANTED.**

Plaintiff's sole remaining claim, as agreed upon by the parties on the record is Plaintiff's action for dissolution and accounting of SWM, LP.  The Court previously denied Plaintiff's Motion for Partial Summary Judgment (Doc. 37) seeking this same

---

[4] In view of the Plaintiff's activities during the time periods he claims to be incapacitated, which include but are not limited to, his multiple contracts and/or attempts to contract, ownership and operation of vehicles, and correspondences involving sophisticated matters, the Court finds Plaintiff to have had the capabilities to manage his personal affairs.

remedy pursuant to section 4-47-802 of the Arkansas Code. The Court having previously declined to exercise its discretion to order the dissolution of the SWM, LP will dismiss Plaintiff's claim for the dissolution and winding of SWM, LP without prejudice as to Plaintiff's right to file it in state court.

Accordingly, Defendants MM, LLC, SWM, LP, and Community's Motions for Summary Judgment (Docs. 30 & 52) are **GRANTED** on statute of limitations grounds, and Plaintiff's Amended Complaint (Doc. 14) is **DISMISSED**. Plaintiff's claims that remained following the Court's Memorandum Opinion Order (Doc. 85) are **DISMISSED WITH PREJUDICE;** and Plaintiff's claim for dissolution and winding of the SWM, LP is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file it in state Court.

Plaintiff's Objections to Defendants' Pre-Trial Disclosure Sheet and Motion in Limine (Doc. 82) is **DENIED as moot.** Separate Defendants MM, LLC and SWM, LP's Objections to Plaintiff's Pre-Trial Disclosure Sheet and Motion in Limine (Doc. 83) is **DENIED as moot.** Separate Defendant Community's Objections to Plaintiff's Pre-trial Disclosure Sheet and Motion in Limine (Doc. 84) is **DENIED as moot.**

The Jury Trial set to begin Monday, June 13, 2011, was canceled following that hearing on June 10, 2011. Each party is to bear its own fees and costs.

IT IS ORDERED this 13th day of June, 2011.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge